IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IN RE DALE B. ADAMS

No. 3:19-mc-00024

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case concerns a proffered complaint from Dale B. Adams, acting *pro se*, asserting various causes of action against the United States Government pursuant to the Federal Tort Claims Act. (ECF No. 1-1). The case is before me by referral for a determination of whether in forma pauperis status should be granted on appeal. For the reasons stated below, it is recommended that the Motion for Leave to Appeal in forma pauperis (ECF No. 4) be denied.

**Background**

On September 25, 2013, in *Dale B. Adams v. United States Department of Agriculture and Thomas Vilsack*, No. 3:12-CV-03077, because of Mr. Adams' abusive litigation practices, the Court entered an order ("the 2013 order") prohibiting Mr. Adams from filing more than one case in this Court per month. The Court set additional conditions to any potential filing in the 2013 order, to include: Mr. Adams must post a $50.00 bond, attach a copy of the Court's 2013 order to the complaint, and attach an affirmation of the most recent prior filing in this district. The 2013 order also provided in a footnote that the conditions placed on Mr. Adams's future filing would not apply to "a claim, alleging in clear, specific language that he has been, or is about to be subjected to immediate, extraordinary, and irreparable physical harm" so long as the allegations were supported by an affidavit setting forth the facts and any documentary evidence. (No. 3:12-CV-03077, Doc. 9, p. 2).

On September 13, 2019, the Court received a cover letter, application to proceed in forma

pauperis, civil cover sheet, summonses for the named defendants, and a complaint and supporting exhibits from Dale B. Adams against the United States Government asserting causes of action pursuant to the Federal Tort Claims Act. (ECF No. 1-1). Because the September 13, 2019 submission did not include a bond, copy of the 2013 order, or the required affirmation, the Clerk returned Mr. Adam's complaint and supporting documents to him, along with a copy of the 2013 order.

On September 19, 2019, the Court received the documents it had previously received from Mr. Adams on September 13, 2019, along with the 2013 order, a motion to suspend the rules and motion for appointment of legal counsel in affidavit form, an affidavit by plaintiff Dale B. Adams affirming complaints from a 2018 case filed in the United States District Court for the Central District of Illinois, and an affidavit of U.S. mail tampering to deprive plaintiffs of First, Fourth and Sixth Amendment rights. (ECF No. 1-2). Paragraphs 8 and 9 of the motion to suspend the rules indicate that Mr. Adams does not have $50.00 to post as bond because his wife will not let him "waste another penny" on unsuccessful lawsuits, and he requests that the Court accept an "IOU" instead of the bond. (*Id*., pp. 5-6).

On September 19, 2019, the Court informed Mr. Adams that the Court will not accept an IOU, and upon finding that Mr. Adams' September 19, 2019 resubmission of documents failed to meet the burden set by the 2013 order, and "in fact fails to state a claim," the Court ordered that Mr. Adams' complaint against the United States Government not be filed. (ECF No. 1).

Mr. Adams then filed a notice of appeal on September 30, 2019. (ECF No. 2). As reason for his appeal, Mr. Adams prays "the Court will respect his First Amendment rights to legal redress," and states, "[t]he theory that our government does not have to comply with the rule of law where the branches work together to beat citizens into submission of tyranny purposefully stiff

armed outside the Court until pulverized, is in-opposite to what the Constitution was formed to create and eradicate." (ECF No. 2, p. 1). Mr. Adams adds that "[o]ne branch of government must respect the rule of law equally for all people, not just the government of the wealthy […], otherwise we still have the tyranny of a caste based system the Constitution was meant to eradicate." (*Id*.). In his accompanying letter to the Clerk, Mr. Adams states, inter alia, "[a]n IOU is legal tender even noted in the Black's Law Dictionary and the State of Illinois has paid their employees with IOUs because they could not afford to pay cash at the time." (ECF No. 2-1).

## II. Discussion

28 U.S.C. § 1915 governs applications for leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provide that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

For the reasons set forth in the Court's order entered on September 19, 2019, Mr. Adams' complaint was not filed because Mr. Adams failed to comply with the Court's 2013 order. (ECF No. 1). Having reviewed the proffered complaint, the Court also found that it failed to state a claim. (*Id.*). Mr. Adams' notice of appeal merely asserts "his First Amendment rights to legal redress," but it adds nothing to the legal analysis.

Contrary to the requirements of § 1915(a)(1), Mr. Adams fails to state any specific facts in support of his appeal; aside from disagreeing with the Court's order, he does not state the specific nature of the appeal; he does not state any belief that he is entitled to redress; and, he has not cited any legal authority pertinent to support his allegations. Vague and conclusory allegations are frivolous on their face and leave to proceed in forma pauperis has been properly denied in such circumstances. *See, e.g., Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Meadows v. Gibson*, 855 F.Supp. 223 (W.D. Tenn. 1994) (frivolousness of complaint precluded appeal in forma pauperis); *Price v. McFarland*, 133 F. App'x 485 (10th Cir. 2005) (unpublished) (denial of leave to proceed on appeal in forma pauperis where plaintiffs made sweeping generalizations to describe their claims and they failed to set forth any specific, non-conclusory arguments explaining why the district court's rulings were erroneous).

### III.  Conclusion

Accordingly, it is recommended that Plaintiffs' Motion for Leave to Appeal *in forma pauperis* (ECF No. 4) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE